Mr. Soller? Yes, John. Eric Soller on behalf of NOAH SYSTEMS, the patent holder and appellant and the plaintiff below. I'd like to focus my prepared remarks on what we submit the What's the structure supporting the access means? That's it, Your Honor. Thank you. The structure, we believe, is supported by Figure 1 and the accompanying text in the specification that describes Figure 1. That's a password that keeps you, denies you access. This is a providing access function. It's a means of providing access, and that means providing access is a three-step process. First, the password has to be issued to the user. Second, the password has to be entered onto the computer. And third, the password has to be validated. The passwords, again, I've just said it, those keep you out. This is something that not only brings you to, but puts you to the other computer, the financial accounting computer, but it also gets you into the right file. It gets you into this master ledger file. Correct. Is there anything that gets you into the computer and gets you to the right computer and from the right computer to the correct file? Well, in this case, the right computer is the financial accounting computer. Yes. The financial accounting computer has on that computer a file which contains the master ledger. How do we get to that master ledger? Anything in the patent? Well, in Figure 1, it shows the structure of the financial accounting computer where the accounts are initialized. Then they're assigned numbers. They're given entry balances and beginning balances are entered. And then they can be The access is for... But I'm going from this transaction computer to the accounting computer. What gets me into the right file? Just show me how I get in the right file. Well, first of all, you don't... At this point, we're only talking about access to the financial accounting computer, not the financial transaction computer. Nor are we talking about someone using a financial transaction computer getting to the financial accounting computer. We're talking about providing access to said file of said financial accounting computer. I've got to get to said file. And I'm trying to find anything that gets me to the file. I've got a password that keeps me away. But so far, I'm looking for the structure that gets me to the file. Well, you have the user who sits down at the computer. Yep. We don't have all of the steps in that we don't say turn on the computer. Nope. Don't need to. We don't have the step to say click. With an ordinary skill of the art. Or click on the file. Computers have thousands and hundreds of thousands of files. How do I get to the right one? That's not easy. Well, in this case, you're opening the file that contains the financial... Excuse me, that contains the master ledger. All right. Let me take you one step farther than that you... Assuming you have a password that then you can use and can get verified and can get you in, the providing access means says so that the agent can perform one or more activities selected from the group consisting of entering, deleting, reviewing. So just getting into a file with binary code, what good does that do you? How do we get to the next step? The file doesn't contain binary code. That file contains the data inputs which are the electronic recordings of the financial transactions. The debits and credits associated with the debits or the providing of services in the money exchange. So what program allows someone to read that? I mean, you say with respect to PCs, you can take something off the shelf. You can use a program off the shelf. But you don't describe any program with respect to this computer that you're talking about or this claim. We do not describe a software for preparing the financial accounting reports. You don't even describe a software for how you actually get to read those reports. Those reports first have to be prepared before they're read. And to be prepared, they have to be a compilation of the financial accounting data, the data inputs from the financial transactions. Let me take you from a different direction and just looking at this figure that you cited us to. I see that you're issued a passcode. That's number 32. And then you get to 40. And then suddenly you're entering updates from subsidiary automated ledgers. You get to 44. You're exchanging orders, reporting instructions, making adjustments to the manual. But something is missing here. And that is getting my password. So I'm in. And then suddenly I'm magically working files. But what this doesn't show, and I'd like for you to show me, where's the box? Where's the number that says how I access that file? If the court's question is, where do I enter the passcode? No, let's say you've entered the passcode. Let's say you're in. How do you get access to the file where you start doing everything else, handling the transactions and all these other functions? Well, I guess that is the point we're talking about off-the-shelf software. Taking the transactions, the data inputs from the financial accounting transactions, you can then use off-the-shelf accounting software to create accounting reports for the user. Right, but this is a means plus function claiming that you have here. So you have to tell us every step of the process. Those reports are stored in binary form, correct? You have to have some software that allows them to be read. You do have to have some software or standardized codes, which the patent also discusses. But this means plus function claim is a means for access. It's not the means for preparing the reports, nor is it even the communication means, which is a separate element. It's a means for access for a particular purpose. It's a means for accessing a file for a list of several particular purposes, absolutely. Right. I mean, your means, your structure has to actually be able to support all of the functions. And the function isn't just getting into the file, it's getting into the file so you can do something with it. Those are more functional than they are structure. It is not a means. It's a means for providing access so that you can do that. The user who is doing those is not a claimed element. The user who is deleting, adjusting, compiling. Yeah, I don't think anyone... I know the court didn't say that. The counsel doesn't even argue that. No, but what I meant is that it's the user, therefore it is the adjusting, adding, deleting are parts of the function of that, not part of the structure. And back to the court's question about when you talk about Box 44, that's where, as it says in the specification, the access can be provided to the interactive users. You then go to Box 52, where validity... Can you help me out with one thing that's not really in this case, but I'm still interested. What's the point of novelty here? Why did you get this patent? The open communications network, the ability to put into a network or connected fashion the disparate users that would be involved in financial transactions with this first entity, such as merchants, such as financial institutions. And the court's question is important in that most of the focus of the prosecution and even the reexamination were on the communication means and the open network. The access means, quite frankly, was not a big focus because password protection of computers for files was not the gist of the invention. The communication means, though, still has the same problem. You've got to get me to the right file. And there's nothing that shows me an algorithm to get me to the right file, is there? For the communication means? Yes, sir. Well, I think for the communication means, if you look at the notice... Transferring data from one computer to the file of the accounting computer. Correct. And the examiner in the reexamination identified that structure as composing three parts. The first part being a network connecting the financial accounting and financial transaction computers. Got that. The second part being a modem or other data transfer... That'll get you from one computer to the other computer. Now get me to the file. Third is the common language used by both computers to communicate the processing instructions and using standardized transaction codes to put the information on the file that can be used to then prepare the accounting reports. And where is that common language described in the specification? The common language is described in the specification as standardized codes. Well, I'm... I was looking at column six of the patent, line 14, and it just says, referring back to figure one, the data inputs from the subsidiary ledgers are transferred to the master ledger. But it doesn't say how that transfer occurs. Yeah. That's where I'm at, too. Well, I understand the court's concern. But, again, this access means does not deal with the transfer of the data. All it deals with is the ability of the user or an agent of the user to get to that data and then manipulate it. But your opposing counsel argues that the first communication means is also an alternative way for us to endorse the ultimate conclusion of the lower court. He does argue that. And my response is in briefly just three points. One, that is not an appealable order. It was not certified as interlocutory. It was not the basis of the final order. Two, they didn't meet, as they didn't with the access means, the burden of proof of clear and convincing evidence. But, of course, he can give us an alternative way to uphold the judgment. Absolutely. I'm not saying it violates the rules of appellate procedure. And there are substantial cases that we have that this court can base its decision on anything as long as what it's doing is supporting the ultimate judgment. And in response to the arguments made, it is one that there was no burden of proof. It's got to be clear and convincing evidence to overcome the statutory presumption of definiteness, of validity. And in this case, you have the patent examiner on reexamination. But if you, as you tell us, the inventiveness here is that you've got users spread around countries and maybe even continents getting access to the same master ledger file and being able to manipulate the information in that file, don't we have to have some algorithm that gets us to that file? No, Your Honor. The other computers, the financial transaction computers, are not manipulating the file on the financial accounting computer. That is only done by the user or the user's agent, such as the user's accountant. You still have not gotten the data inputs that are coming from the financial transaction computer even into that file. They are downloaded from the network through the modem into that file. The modem gets me to the right computer, perhaps, if it's properly used. And the use of standardized... Now I'm in a computer, where do I go from there? And the use of standardized codes in a common language is what gets you from the computer to the file you need. Now that's, you're just saying, people know how to do it. Don't you have to provide us with structure? Haven't we said over and over again, you only get to claim those broad functions if you give us the structure? Well, we submit that the structure is there. It's shown in... It's known by one of skill in the art, because you don't state that structure anywhere. I don't state in the structure that... I don't exactly state word for word, the one who gets a passcode must enter it. But I think it's understood that if you issue someone a passcode, it has to be entered, especially when there is a step that says it has to be validated. When you want to provide access to a file, obviously there is an ability to do that. I was here for Mr. Sacksteder, yes. Thank you, Your Honor. Michael Sacksteder on behalf of Intuit Incorporated. I think it's correct that the place that we start with both of these limitations, and with the plain language of the recited function, which was agreed to by the parties, which was adopted by the court, and that is providing access to said file, providing access to a particular file, and then providing access to that file for particular reasons, to allow a user or an agent to do particular things. And one of the things that's very important is that one of the things that the user or an algorithm that is described in Appellant's brief has to do with something completely different, which is valid. Why is it, though, that the reference to a use of off-the-shelf software as it relates to PCs, why wouldn't that just common sense be incorporated into this structure as well? Because there's simply no disclosure. There still has to be disclosure. There are cases where... Isn't this really a case about the adequacy of the disclosure? Are you saying there's no disclosure whatsoever? I don't agree that there is disclosure that could be determined whether or not it's adequate. The disclosure that is there is for doing something besides the recited function. The disclosure is you issue a passcode, and as was noted earlier, it says nowhere where or how you enter the passcode. And then you use that passcode after being provided access to the file to perform certain operations on the data in that file. If you look at the specification, it says that the access is set for sort of in line 41 and box 44. Box 44 says... Assuming we disagree with your interpretation of where you use the passcode, if the passcode gets you in, is that enough? If the passcode gets you in, is that enough? I don't think that that discloses the full... As was noted, I don't think that discloses the full mechanism for accessing the file. It may be part of it, but it isn't all of it. You need to be able to get into that file through the ways that you access a file. But I would... Once you get into the file, can't we do all the other things there with knowledge of skill and the art? You can do all those things, but it doesn't say how to get access to the file. And one of the things that you have to be able to do, according to the claim, once you've accessed the file, is review the file. And the only thing that approaches an algorithm, and I wouldn't agree that it is an algorithm, but the only thing that approaches it, says after you've gotten into the file, then you enter these change orders and you enter these other instructions. And one of the things that's done is to check to see if you were authorized to make those entries after you've already accessed the file. You have to be able to get into the file. You have to be able to look at it and do these things. Let me follow up on Judge Raina's question. I mean, we have the body of case law that says if there's no algorithm at all, then you don't have to hear testimony from one's skill in the art and assess that question. But if you've got multiple steps in a function and there's an algorithm that, for instance, say we find that there's some algorithm that at least addresses one of the steps in the function, does that take us out of that body of case law or not? I don't think it takes us completely out of that body of case law. The Exxon Research case says that the evidence, when the court is considering whether a claim limitation is indefinite or not, the evidence is the written document of the patent itself. There can be expert testimony, et cetera, to illuminate that. But the evidence is still all there. And you can still tell that even if post-access validation were accessing the file, which we submit it is not, then you still have the evidence there to show, well, it doesn't say anywhere where you enter a passcode. And beyond stating the algorithm, the algorithm has to be clearly linked to the function, right? Exactly. The recited function. Exactly. And I think what has happened here is that not only is the algorithm not clearly linked to this function, it is clearly stated for doing another function, which is after you've accessed the file, then you go in and you can manipulate the data, enter change orders, et cetera. But that happens after you've accessed the file, and there's just nothing there that says what you do to access the file. Is means plus function claiming so strict that we can't use common sense to get us from point A to point B? It is part of the bargain that the patentee, that the applicant strikes in using what is sort of on its face broad language to say means for doing a particular function. This court said an aristocrat, you have to pay a price for that. And the price that you have to pay is to clearly disclose what the, in the case of a computer implemented invention such as this, you have to clearly disclose what the algorithm is for performing the recited function. But that doesn't mean I have to put a binary code of X's and O's up, do I? Of course not. This court had a case recently, the Typhoon Touch case, where there was a four-step prose algorithm that was written out. All the steps were there. It was all you needed to do to implement the recited function. In this case, not only do we not have a complete algorithm, we don't have an incomplete one, we have none at all for performing the function that's recited. Didn't the district court find that there was an algorithm, but that it was insufficient to disclose and link the structure? No, that's what the appellant said the district court found. But the district court clearly, in the special master's report and recommendation on the motions for reconsideration, said, I want to be really clear. What I did not do was find that there was an insufficient algorithm. What I did do was find that there was no algorithm at all. And that's stated several times. It's block quoted in our brief. On your waiver argument, given that this was raised in hearing before the special master, it was raised in the objections to the special master's proposed report. How can there be waiver? By the time the district court assessed this, the argument was very clearly presented. This motion that we're here on has a very long history. It was briefed through the normal claim construction process. There was a report and recommendation. There were objections to the report and recommendation. Up through that point, if you look at the cited portions of the record that the appellant points to, the proposed construction is always the financial accounting computer, as defined above, programmed to permit access to the file upon entry of a passcode. But by the time you get to the objections, the issue of the passcode is clearly addressed. No, on the objections, there is some argument relating to the validation argument. I'll concede that. But the proposed construction, what the plaintiff at the time was asking the court to construe the term to mean, was that that I just cited. It was not what has been advanced before this court. And what was offered before the district court is in some ways broader and in some ways narrower than what is offered to this court. And this court says if you change the scope of your proposed claim construction, you have waived the argument. So that's our argument concerning that. Concerning the communication means limitation, that's another thing where we concede that the reexamination did address part of the function. The district court did not address this, right? The district court just punted. The district court gave it, said the reexamination. Well, he felt that he had resolved the case short of reaching this. Well, actually, that's not correct. The district court did address the first communication means limitation in the report and recommendation and throughout. And we asked to modify that construction when we addressed the report and recommendation. But the district court determined that since the patent office had already sort of listed this list of structure that the corresponding structure includes, the district court said that really we're not, well, at least the district court did not address our specific arguments, which said, look, all you have here is line 171. And all the portion of the specification that describes that was already read into the record this morning. All you have there is something that says you transfer the data inputs from here to there. It doesn't say anything about how, what algorithm you would use to transfer those further to said file, which is part of the claim. You're raising this argument in your brief. Is that enough to make it appealable? What should we decide this case on that alternative argument? This is an issue that has been very thoroughly briefed before the district court. There is not going to be any further development of the factual record. In fact, there is no factual record. It's just that particular issue is not on appeal. It wasn't because we, it is not on appeal, but it provides an alternative basis for affirming this judgment. Give me some authority for that. The judgment was, it's actually cited in our case, and it's slipping my mind right now. It's cited in our red brief. But the court has said you can't cross appeal on this because you aren't appealing from something that that takes away something that's in the judgment. What is in the judgment is a determination that the patent is invalid. So we could not cross appeal on that. We were not allowed to get ourselves a reply brief on that. But we are raising an alternative basis for affirming the judgment that the patent is invalid. I could see maybe a problem if this were something where, you know, we're raising some prior art reference that hadn't really been fully developed below. But this is something that has been fully briefed, has been addressed by the special master on the report and recommendation, has been addressed by the district court. That's the eventless pharma case, isn't it? Yes. Yes, it is, Your Honor. Thank you. I appreciate that. So in any event, we think that there are two bases for affirming the district court's determination that the patent is invalid. Again, you have to pay the price for using means plus function language. And it's our contention that the plaintiff and the appellant simply did not do that. The district court determined that as well and was correct. Thank you, Mr. Sexton. Mr. Soller? I only want to make one comment to clarify just to make sure that I didn't misspeak earlier when I answered the court's question regarding where is the file. And I would, again, refer the court to Figure 1, Box 20, where the master ledger is resident on the host computer. And if the court has no questions, I will take the rest of my time with me. Thank you very much. That concludes our morning. All rise. The court adjourns tomorrow morning at 10 o'clock a.m.